Michael S. Kun  (State Bar No. 208684)
Ted A. Gehring  (State Bar No.  218715)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:  310.556.8861
Facsimile:  310.553.2165
mkun@ebglaw.com
tgehring@ebglaw.com

Attorneys for Defendant
MAXIMUS HUMAN SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNIE GOODE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MAXIMUS HUMAN SERVICES, INC., a Virginia Corporation doing business in California; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No.:  8:16-cv-1254 JVS(DFMx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Fed. R. Civ. P. 8, 12(b)(6)]**<br><br>**DATE:**　　**October 3, 2016**<br>**TIME:**　　**1:30 p.m.**<br>**CTRM:**　　**10C**<br>**JUDGE:**　**Hon. James V. Selna** |

**TO THE COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:**

　　**PLEASE TAKE NOTICE THAT** on October 3, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable James V. Selna in Courtroom 10C of the United States District Court, Central District of California, located at 411 W. Fourth Street, Santa Ana, California 92701, Defendant MAXIMUS Human Services, Inc. ("Defendant") will and hereby does move, pursuant to Fed.R.Civ.P. 8 and 12(b)(6), to dismiss Plaintiff's First Amended Complaint ("FAC").[1]

---

[1] A copy of the FAC is attached hereto as Exhibit "A."

Defendant moves to dismiss each count in Plaintiff's FAC on the grounds that Plaintiff has failed to allege sufficient facts supporting her claims or to otherwise satisfy the basic pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") and *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (non-conclusory allegations must "plausibly give rise to an entitlement too relief"). Specifically, Plaintiff has not provided any factual allegations that would establish that she had a "disability," as that term is defined by law, nor has she alleged that Defendant was aware of her alleged "disability." Without such facts, her disability discrimination claims cannot proceed.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place at 10:00 a.m. on August 16, 2016, after the meet-and-confer letter sent by Defendant's counsel on August 9, 2016.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings on file in this action, and such further written or oral argument as may be permitted by this Court.

DATED: August 25, 2016                    EPSTEIN BECKER & GREEN, P.C.

By: _____

Michael S. Kun
Ted A. Gehring
Attorneys for Defendant
MAXIMUS Human Services. Inc.

FIRM:38469121v1

Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................1

II.   STATEMENT OF FACTS ....................................................2

    A.   The Parties. ..................................................................2

    B.   Plaintiff Alleged In Her Complaint That She Was "Hurt" In A Car Accident. ..................................................................2

    C.   Plaintiff's Complaint Alleged In Conclusory Fashion That She Had A "Disability."..........................................................2

    D.   Defendant Filed A Motion To Dismiss Plaintiff's Complaint.................3

    E.   Plaintiff's FAC Merely Adds Allegations That She Had An Abrasion, Bruises And Non-Migraine Headaches And Adds The Latin Terms For General Back and Neck Pain .......................................3

III.  ARGUMENT.....................................................................4

    A.   The Pleading Standard. ....................................................4

    B.   Plaintiff Has Not Pled Facts Sufficient To Establish A Claim For Disability Discrimination Under FEHA. ...................................7

        1.   Not Every Condition Is A "Disability". .............................7

        2.   Plaintiff's Conclusory Allegation That She Had A "Disability" Is Insufficient. .............................................9

        3.   Abrasions, Bruises, Non-Migraine Headaches And Back Or Neck "Pain" Are Not "Disabilities." ...............................10

    C.   Plaintiff Has Not Alleged Any Facts That Would Establish That Her Alleged "Disability" Limited Any "Major Life Activities." ...........13

    D.   Plaintiff Has Not Alleged That Defendant Was Aware Of Any Of Her Newly Pled Conditions. ..............................................16

IV.   CONCLUSION .................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Anderson v. Blockbuster, Inc.,*
2010 WL 1797249 (E.D. Cal. 2010) ...................................................... 5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................... *passim*

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................... *passim*

*Blackburn v. Trs. of Guilford Tech. Cmty. College,*
733 F.Supp.2d 659 (M.D. N.C. 2010) .................................................. 12

*Blanton v. Winston Printing Co.,*
868 F.Supp. 804 (M.D. N.C. 1994) ..................................................... 12

*Branscomb v. Group USA, Inc.,*
475 F.App'x 134 (9th Cir. 2012) ....................................................... 11

*Bresaz v. County of Santa Clara,*
2015 U.S. Dist. LEXIS 32908 (N.D. Cal. Mar. 17, 2015) .............................. 9

*Broderick v. Research Found. of State Univ. of N.Y.,*
2010 U.S. Dist. LEXIS 82031 (E.D.N.Y. Aug. 11, 2010) ............................. 15

*Fadel Lefte Khudiar v. Colvin,*
2015 U.S. Dist. LEXIS 177823 (M.D. Tenn. Oct. 8, 2015) ............................ 9

*Felix v. N.Y. City Transit Auth.,*
324 F.3d 102 (2d Cir. N.Y. 2003) ...................................................... 10

*Garcia v. Qwest Corp.,*
2008 U.S. Dist. LEXIS 101840 (D. Ariz. 2008) ...................................... 12

*Heyne v. HGI-Lakeside, Inc.,*
589 F.Supp.2d 1119 (S.D. Iowa 2008) ................................................ 15

*Hodge v. Henry County Med. Ctr.,*
341 F.Supp.2d 968 (W.D.Tenn. 2003) ................................................ 12

FIRM:38469121v1
Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

*Johnson v. Foulds, Inc.,*
   1996 WL 41482 (N.D. Ill. 1996) ................................................................12

*Johnson v. JPMorgan Chase & Co.,*
   922 F.Supp.2d 658 (S.D. Ohio 2013) .......................................................14

*Klamut v. Cal. Highway Patrol,*
   2015 U.S. Dist. LEXIS 169074 (N.D. Cal. Dec. 16, 2015) .............................9

*Koller v. Riley Riper Hollin & Colagreco,*
   850 F.Supp.2d 502 (E.D. Pa. 2012) ..........................................................12

*Lane v. Colvin,*
   2016 U.S. Dist. LEXIS 35501 (E.D. Cal. Mar. 17, 2016) ..............................9

*Madrigal v. Senior Aerospace SSP,*
   Case No. 2:16-cv-01883 CAS (SSx) (C.D. Cal. August 18, 2016) .................13

*Morgan v. Goodwill Indus. of Denver, Inc.,*
   2013 U.S. Dist. LEXIS 178769 (D. Colo. July 19, 2013) .............................12

*Neumann v. Plastipak Packaging, Inc.,*
   2011 U.S. Dist. LEXIS 126096 (N.D. Ohio Oct. 31, 2011) .........................14

*Olson v. Mono County Superior Court,*
   2014 U.S. Dist. LEXIS 58756 (E.D. Cal. Apr. 25, 2014) ..............................9

*Peoples v. Langley/Empire Candle Co.,*
   2012 U.S. Dist. LEXIS 6671 (D. Kan. Jan. 20, 2012) .................................12

*Pinson v. Berkley Med. Res., Inc.,*
   2005 U.S. Dist. LEXIS 13045 (W.D. Pa. June 21, 2005) .............................14

*Plant v. Morton Int'l, Inc.,*
   212 F.3d 929 (6th Cir. May 12, 2000) .......................................................15

*Rakestraw v. Carpenter Co.,*
   898 F.Supp. 386 (N.D. Miss. 1995) ..........................................................12

*Ramirez v. Manpower, Inc.,*
   2014 WL 116531 (N.D. Cal. Jan. 10, 2014) .................................................6

- iii -

Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

*Ramos v. Colvin,*
  2016 U.S. Dist. LEXIS 62547 (E.D. Cal. May 11, 2016)...................................9

*Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n,*
  60 F.Supp.2d 1145 (D. Kan. 1999) ....................................................12

*Reed v. Colvin,*
  2016 U.S. Dist. LEXIS 84110 (N.D. Ind. June 28, 2016)..................................9

*Reynolds v. Am. Nat'l Red Cross,*
  701 F.3d 143 (4th Cir. W. Va. 2012)..................................................15

*Rodriguez v. John Muir Med. Ctr.,*
  2010 U.S. Dist. LEXIS 25589 (N.D. Cal. Mar. 18, 2010) ...............................15

*Sanders v. Arneson Prods., Inc.,*
  91 F.3d 1351 (9th Cir. 1996) .........................................................12

*Schneider v, Space Sys./Loral, Inc.,*
  No. 5:11-cv-02489-JF, 2011 WL 4344232 (N.D. Cal. Sept. 15,
  2011) ..................................................................................6

*Smith v. Colvin,*
  2013 U.S. Dist. LEXIS 121394 (E.D.N.Y. Aug. 26, 2013) ..............................9

*Sneed v. City of N.Y. Dep't of Parks & Rec.,*
  2011 U.S. Dist. LEXIS 157810 (S.D.N.Y. Sept. 30, 2011) ............................12

*Summers v. Altarum Inst., Corp.,*
  740 F.3d 325 (4th Cir. Va. 2014) ....................................................10

*Thompson v. Potter,*
  No. C2-04-291, 2006 U.S. Dist. LEXIS 13133, 2006 WL 783395
  (S.D. Ohio Mar. 27, 2006)............................................................14

*Waldrip v. GE,*
  325 F.3d 652 (5th Cir. La. 2003).......................................................8

*Washington v. Lowe's HIW Inc.,*
  75 F.Supp.3d 1240, 1245, 1250-52 (N.D. Cal. 2014) ..................................5

*Zurenda v. Cardiology Associates, P.C.,*
  2012 U.S. Dist. LEXIS 68633 (N.D. N.Y. May 16, 2012) .............................12

- iv -

**California Cases**

*Arteaga v. Brink's, Inc.,*
   163 Cal.App.4th 327 (2009) ............................................................7, 11

*Avila v. Continental Airlines, Inc.,*
   165 Cal.App.4th 1237 (2008) .....................................................7, 11, 16

*Brundage v. Hahn,*
   57 Cal.App.4th 228 (1997) ....................................................................8

*Cassista v. Community Foods, Inc.,*
   5 Cal.4th 1050 (1993) ......................................................................7, 13

*Raine v. City of Burbank*
   135 Cal.App.4th 1215 (2006) ..............................................................16

*Scotch v. Art Institute of California,*
   173 Cal.App.4th 986 (2009) ................................................................16

**Federal Statutes**

American Disabilities Act..............................................12, 13, 14, 15

Fair Employment and Housing Act ...........................................5, 7, 8, 16

**California Statutes**

California Government Code
   Section 12926 ......................................................................................11
   Section 1926.1(m)..................................................................................8
   Section 12926.1(c).................................................................................8
   Section 12926(k)(1)(B)(ii).....................................................................8
   Section 12926(k)(3)...............................................................................8
   Section 12940(m)..................................................................................16

California Labor Code ............................................................................6

**Federal Regulations**

2 C.C.R. 7293.6(d)(1)..............................................................1, 2, 3, 11

FIRM:38469121v1

Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

1

**Federal Rules**

2

Fed. R. Civ. Proc. 8(a)(2) ........................................................................4

3

**Other Authorities**

4

5

Encyclopedia Britannica, http://www.britannica.com/science/..............................8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRM:38469121v1   Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In this action, Plaintiff Kennie Goode ("Plaintiff") brought disability discrimination claims against her former employer MAXIMUS Human Services, Inc. ("Defendant"), but she only alleged in conclusory fashion that she had a "disability." She neither identified her alleged "disability" in her original Complaint, nor did she set forth any factual allegations that would establish that she in fact had a "disability," as that term is defined by law.  Her First Amended Complaint ("FAC") does not correct these deficiencies.  Instead, it is now clear that Plaintiff simply cannot allege facts sufficient to allow her disability discrimination claims to proceed.

As discussed more fully below, Plaintiff alleged in her original Complaint that she "hurt" her back and neck in a car accident.  But simply being in a car accident and being "hurt" or having "pain" do not constitute a "disability" unless the pain is the result of, or tied to, a particular physical impairment.  And Plaintiff alleged no such physical impairment.  For instance, she did not allege that she suffered from bone, tissue, ligament or nerve damage to her back or neck that caused her to be "hurt" or to suffer "pain," nor did she allege facts to show she was limited in any "major life activity."  As she did not allege facts to show that she had a "disability," Defendant moved to dismiss her Complaint.  (Dkt. No. 11.)

In response to the motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC").  In it , Plaintiff has added allegations that she suffered from an "abrasion," "bruises" and non-migraine headaches.  (Dkt. No. 15 at 3:16-19.)  However, the governing regulations found at 2 C.C.R. 7293.6(d)(1) expressly *exclude* each of those conditions from the definition of "disability."

In her FAC, Plaintiff alleges once again that she suffered from neck and back pain, adding the Latin names for the general "pain" she allegedly suffered in her neck and back – "cervicalgia" and "lumbago," respectively.  (*Id*. at 3:19-21.)

- 1 -

1  Adding the Latin names for "pain" changes nothing.  "Pain" alone is not a
2  "disability."  As before, she has not alleged that her "pain" was tied to any
3  physical impairment, nor has she alleged how long her alleged neck and back pain
4  lasted.

5      Even had she done so, Plaintiff also has asserted no factual allegations at all
6  that would establish that her alleged "disability" limited any "major life activity."
7  Moreover, she has failed to alleged that Defendant was **aware** of any of these
8  alleged conditions.

9      For all of these reasons and those discussed below, Plaintiff's FAC must be
10  dismissed with prejudice.

11  **II.**  **STATEMENT OF FACTS**

12      **A.**  **The Parties.**

13      Defendant is a Virginia corporation that does business in California.  (Dkt.
14  No. ¶ 15 at 1:20-23.)  It employed Plaintiff from November 2013 to September
15  2014.  (*Id.* at 3:4-5, 5:6-11.)

16      **B.**  **Plaintiff Alleged In Her Complaint That She Was "Hurt" In A Car Accident.**
17
18      In her Complaint, Plaintiff alleged that she was involved in a car accident
19  on July 28, 2014.  (Dkt. No. 1-1 at 11:27-12:1.)  She alleged that she "hurt" her
   neck and back and had a concussion.  (*Id.*)
20      **C.**  **Plaintiff's Complaint Alleged In Conclusory Fashion That She Had A "Disability."**
21
22      In her Complaint, Plaintiff repeatedly alleged that she had a "disability."
23  (*Id.* at 13:17-18, 13:22-14:23.)  However, she did not identify the alleged
24  "disability" or provided any factual allegations to describe it or how it limited any
25  "major life activity."  (Dkt. No. 1-1.)  While she alleged that she saw a physician
26  and received notes, she did not identify why she saw the physician, what he
27  treated her for, or whether he made any diagnosis of a physical impairment that
28

FIRM:38469121v1      Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

limited her major life activities such that it would constitute a "disability." (*Id.* at 12:8-10, 12:25-13:2.)

### D. Defendant Filed A Motion To Dismiss Plaintiff's Complaint.

On July 18, 2016, Defendant filed a motion to dismiss Plaintiff's Complaint or, alternatively, for a more definite statement. (Dkt. No. 11.) In it, Defendant explained that Plaintiff's allegations that she was in a car accident and "hurt" her neck and back did not sufficiently allege facts to show that she had a "disability." (*Id.*)

### E. Plaintiff's FAC Merely Adds Allegations That She Had An Abrasion, Bruises And Non-Migraine Headaches And Adds The Latin Terms For General Back and Neck Pain

Rather than respond to Defendant's motion to dismiss, Plaintiff filed her FAC on August 8, 2016. (Dkt. No. 15) In it, Plaintiff has added allegations that she suffered an "abrasion," "bruises," and "headaches" (which she does not identify as migraine headaches). (*Id.* at 3:16-19.) She has also added the Latin terms for neck and back pain – "cervicalgia" and "lumbago," respectively. (*Id.* at 3:19-21.) As before, Plaintiff has not alleged that her back or neck pain was related to any physical impairment, such as bone, tissue, ligament, or nerve damage. (Dkt. No. 15.) And, as before, Plaintiff has not alleged in her FAC how long her alleged pain lasted. (*Id.*)

Nowhere in Plaintiff's FAC has she set forth any factual allegations to show that her alleged "disability" limited any "major life activity." (*Id.*) And nowhere in her FAC has Plaintiff set forth any factual allegations that would demonstrate that Defendant was aware of her alleged "disability." (*Id.*) More specifically, nowhere in the FAC does she allege that she ever told Defendant about any of her injuries (*Id.*)

III.   **ARGUMENT**

A.   **The Pleading Standard.**

Rule 8(a)(2) requires "a short and plain statement of claim showing that the pleader is entitled to relief." *Fed. R. Civ. Proc.* 8(a)(2). While this may appear to be a simple standard, the Supreme Court has clarified its requirements and has explained that it requires more than conclusory allegations. Instead, as discussed below, a plaintiff must plead sufficient ***factual*** allegations. Plaintiff did not do so in her Complaint, and she has not done so in her FAC.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), the Supreme Court explained that a plaintiff must plead "factual allegations . . . enough to raise a right to relief above the speculative level;" it is not enough to merely create a suspicion of a legally cognizable right of action. Furthermore, a formulaic recitation of the elements of a cause of action will not do. Plaintiff must provide the "grounds" of her "entitlement to relief" by more than mere labels and conclusions. *Id.* *Twombly* requires an allegation of "enough ***facts***" to "nudge [the] claim[s] across the line from conceivable to probable." *Id.* at 570 (emphasis added).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further explained that, unlike factual allegations, conclusory allegations are ***not*** accepted as true:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .we are not bound to accept as true a legal conclusion couched as a factual allegation.

556 U.S. at 678.

The Court explained that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Where the complaint only lists conclusions or a recitation of the statutory elements of the

1   claim, dismissal is appropriate.  *Anderson v. Blockbuster, Inc.*, 2010 WL 1797249,

2   *6 (E.D. Cal. 2010) (dismissal was proper where a complaint merely "recit[ed] the

3   statutory language setting forth the elements . . . and then slavishly repeat[ed] the

4   statutory language as to the purported factual allegations.")

5        The logic behind *Twombly* and *Iqbal* is simple:  Before a defendant must

6   suffer the burden of defending against a plaintiff's claims, the plaintiff must

7   provide the necessary factual predicates to her allegations. *Twombly*, 550 U.S. at

8   559-60.  To that end, *Iqbal* provides a two-step approach to a motion to dismiss.

9   First, "a court considering a motion to dismiss can choose to begin by identifying

10  pleadings that, because they are no more than conclusions, are not entitled to the

11  assumption of truth." 556 U.S. at 679.  Second, a court must consider the factual

12  allegations to "determine whether they plausibly give rise to an entitlement to

13  relief." *Id.* "The plausibility standard ... asks for more than a sheer possibility that

14  a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely

15  consistent with' a defendant's liability, it 'stops short of the line between

16  possibility and plausibility of entitlement to relief' *Id.* (quoting *Twombly*, 550

17  U.S. at 557).  In short, a plaintiff must plead some factual content to support the

18  legal conclusions that she ultimately seeks to establish.  Where the well-pleaded

19  facts "do not permit the court to infer more than the mere possibility of

20  misconduct, the complaint has alleged—but it has not 'show[n]' -- `that the

21  pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  In such a

22  situation, the court must dismiss plaintiff's complaint because it fails to show a

23  plausible claim for relief. *See id.*

24       Based on *Twombly* and *Iqbal*, courts have regularly dismissed claims in a

25  wide variety of circumstances, including dismissing employment claims that did

26  not advance sufficient factual allegations. *See*, *e.g.*, *Washington v. Lowe's HIW*

27  *Inc.*, 75 F.Supp.3d 1240, 1245, 1250-52 (N.D. Cal. 2014) (dismissing plaintiff's

28  hostile work environment claims under the Fair Employment and Housing Act

- 5 -

("FEHA") because plaintiff "fail[ed] to allege facts giving rise [to] a viable sexual harassment or sexually hostile work environment claim"); *Ramirez v. Manpower, Inc.*, 2014 WL 116531, at *4-7 (N.D. Cal. Jan. 10, 2014) (dismissing various of plaintiff's California Labor Code claims under *Twombly* and *Iqbal*; "With nothing more than an unadorned allegation citing the California Labor Code and IWC Wage Order Defendants are accused of violating, the Court is unable to draw the reasonable inference that Defendants are liable for the misconduct alleged."); *Schneider v, Space Sys./Loral, Inc.*, No. 5:11-cv-02489-JF, 2011 WL 4344232, at *1-3 (N.D. Cal. Sept. 15, 2011)(dismissing plaintiff's complaint for violations of various California Labor Code provisions due to alleged misclassification because it "contain[ed] only bare assertions untethered to any facts about [plaintiff's] particular employment history").

Even where there are factual allegations that the court must accept as true, the court must turn to the second prong of *Iqbal's* approach and determine whether these factual allegations plausibly give rise to an entitlement to relief. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  556 U.S. at 678.

As demonstrated below, like her Complaint, Plaintiff's FAC falls far short on both prongs of this analysis.  The few factual allegations she has presented would not establish that she had a "disability," as that term is defined by law. Without a "disability," an individual's disability discrimination claims cannot proceed.   Moreover,  she  has  not  alleged  sufficient  factual  allegation  to demonstrate that any alleged "disability" limited a "major life activity," nor has she alleged facts that would show that Defendant was aware of her alleged disability.

Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

**B.** **Plaintiff Has Not Pled Facts Sufficient To Establish A Claim For Disability Discrimination Under FEHA.**

**1.** **Not Every Condition Is A "Disability".**

Under the Fair Employment and Housing Act ("FEHA"), "'[n]ot every illness qualifies as [a] disability . . . .'" *Avila v. Continental Airlines, Inc.*, 165 Cal.App.4th 1237, 1249 (2008); *Arteaga v. Brink's, Inc.*, 163 Cal.App.4th 327, 344 (2009). "[T]he touchstone of a qualifying [physical] disability [under FEHA] is an actual or perceived physiological disorder which affects a major body system and limits the individual's ability to participate in one or more major life activities." *Cassista v. Community Foods, Inc.*, 5 Cal.4th 1050, 1061 (1993).

FEHA is specific. A physical "disability" is defined as:

> (1) Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that ***does both of the following***:
>
> (A) ***Affects one or more of the following body systems***: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine.
>
> (B) ***Limits a major life activity***. For purposes of this section:
>
> (i) "Limits" shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.
>
> (ii) A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult.
>
> (iii) "Major life activities" shall be broadly construed and includes physical, mental, and social activities and working.

- 7 -

1  Cal. Govt. Code Section 1926.1(m) (emphasis added).

2      The condition or impairment must be such that it **"limits a major life**
3  **activity,"** meaning it "makes the achievement of the major life activity difficult."
4  Cal. Gov't Code § 12926(k)(1)(B)(ii) (emphasis added).  By statute, "physical
5  disabilities" include chronic or episodic conditions such as HIV/AIDS, hepatitis,
6  epilepsy, heart disease and multiple sclerosis.  Cal. Gov't Code § 12926.1(c).
7  Importantly, the statutory definition of "physical disability" includes "[h]aving a
8  record or history of a disease, disorder, condition, cosmetic disfigurement,
9  anatomical loss, or health impairment ... **which is known to the employer**."  Cal.
10  Gov't Code §12926(k)(3) (*emphasis added*).

11      In order to establish a *prima facie* case of disability discrimination under
12  FEHA, a plaintiff must establish, *inter alia*, that she in fact had a disability.  *See*,
13  *e.g., Brundage v. Hahn*, 57 Cal.App.4th 228, 236 (1997).  There can be no
14  question that a plaintiff has no disability discrimination claim if she did not have a
15  "disability." *See, e.g., Waldrip v. GE*, 325 F.3d 652, 654 (5th Cir. La. 2003) (an
16  employee suing for disability discrimination on a theory that he was wrongfully
17  discharged from his employment "must, of course, establish that he has a
18  disability" in order to meet the "threshold requirement.")

19      Like her Complaint, Plaintiff's FAC here does not satisfy *Twombly* and
20  *Iqbal* with regard to this threshold element of her disability discrimination claims.
21  As discussed below, she remains unable to present sufficient allegations to
22  demonstrate that she had a "disability."  Alleging that she was in a car accident or
23  that she had neck or back pain would not establish that she had a "disability," as
24  that term is defined by law.  Adding allegations that she suffered injuries that are
25  expressly excluded from the definition of "disability" does not change that fact.

26      Inserting the Latin terms for general neck and back pain – "cervicalgia" and
27  "lumbago," respectively, does not change that fact, either..  "Lumbago is a term
28  for low back pain.  Encyclopedia Britannica, http://www.britannica.com/science/

- 8 -

lumbago (last visited May 5, 2016)." *Ramos v. Colvin*, 2016 U.S. Dist. LEXIS 62547, *23 (E.D. Cal. May 11, 2016). "Cervicalgia refers to neck pain. 1 ICD-9 CM Table of Diseases and Injuries § 723.1 (6th ed. 2014)." *Fadel Lefte Khudiar v. Colvin*, 2015 U.S. Dist. LEXIS 177823, *3 (M.D. Tenn. Oct. 8, 2015). *See also Smith v. Colvin*, 2013 U.S. Dist. LEXIS 121394, *14, n. 21 (E.D.N.Y. Aug. 26, 2013) ("Cervicalgia is a general term to describe neck pain"); *Reed v. Colvin*, 2016 U.S. Dist. LEXIS 84110, *3 (N.D. Ind. June 28, 2016) ("He was also diagnosed with severe and ongoing neck pain (called 'cervicalgia'), as well as low back pain (called 'lumbago').") *Lane v. Colvin*, 2016 U.S. Dist. LEXIS 35501, *19 (E.D. Cal. Mar. 17, 2016) ("cervicalgia (neck pain)").

### 2.   Plaintiff's Conclusory Allegation That She Had A "Disability" Is Insufficient.

The California district courts have made clear that when a plaintiff alleges she is disabled, she should plead her alleged disability "with some factual specificity." *Bresaz v. County of Santa Clara*, 2015 U.S. Dist. LEXIS 32908, *21 (N.D. Cal. Mar. 17, 2015). *See also Klamut v. Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 169074 (N.D. Cal. Dec. 16, 2015) (an allegation of mental illness does not support claim of disability without more specific allegations addressing the type and nature of the mental illness that would qualify it as a disability); *Olson v. Mono County Superior Court*, 2014 U.S. Dist. LEXIS 58756 (E.D. Cal. Apr. 25, 2014) (dismissing a disability claim on the grounds that "*at the very least, plaintiff should plead facts describing the nature of her disability*") (emphasis added).

Nowhere in Plaintiff's Complaint did she identify her alleged "disability" beyond her conclusory allegation that she had a "disability" and her insufficient allegation that she was "hurt," nor did she advance any factual allegations to show that any impairment "limited a major life activity." Without this basic information, Plaintiff's allegations of disability discrimination were mere labels

- 9 -

and were not entitled to a presumption of truth under *Twombly* and *Iqbal*.  Further, in the absence of specific factual allegations about her alleged "disability," Plaintiff's claims remained merely possible and could not cross the threshold to probable.  Her FAC has not changed that.

The *Twombly* and *Iqbal* standards were created to curb the injustice created if lax pleading standards were permitted.  "Something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"  *Twombly*, 50 U.S. 544, 558 (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

Plaintiff cannot be permitted to subject Defendant to the cost and burden of defending itself in a public forum on disability discrimination claims without setting forth the most basic, threshold factual allegations for her claim – an identification and description of her alleged "disability" that would raise her right to relief beyond mere speculation.  At this time, it appears clear that Plaintiff simply cannot do this.

### 3. Abrasions, Bruises, Non-Migraine Headaches And Back Or Neck "Pain" Are Not "Disabilities."

In her original Complaint, Plaintiff alleged that she was in a car accident and "hurt" her back and neck and had a concussion.  Of course, being in a car accident itself is not a "disability."[2]  As discussed in Defendant's motion to dismiss the original Complaint (Dkt. No. 11) and below, being "hurt" or having

---

[2] A car accident could *cause* one to have a disability, such as losing the ability to walk.  *Felix v. N.Y. City Transit Auth.*, 324 F.3d 102, 105 (2d Cir. N.Y. 2003). *See also Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 327 (4th Cir. Va. 2014) (the plaintiff fell when departing a train and fractured his left leg, tore the meniscus tendon in his left knee, fractured his right ankle, and ruptured the quadriceps-patellar tendon in his right leg, with the result that he was unable to walk for seven months.)

FIRM:38469121v1       Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

1   "pain" is not itself a "disability"[3] either.  *See, e.g., Arteaga v. Brink's, Inc.*, 163
2   Cal.App.4th 327, 348 (2008).  Amending the Complaint to use the Latin phrases
3   for general neck and back pain changes nothing, nor does adding "abrasion,"
4   "bruises" or non-migraine headaches – all of those conditions are expressly
5   identified in regulations as conditions that are ***not*** "disabilities."

6        The Department of Fair Employment and Housing ("DFEH") has
7   promulgated regulations defining the term "disability." In so doing, the DFEH has
8   clarified that being hurt, or having abrasions, bruises, non-migraine headaches,
9   aches and pains, are ***not*** "disabilities":

10        (9) "Disability" does ***not*** include:

11        (A) excluded conditions listed in the Government Code
     section 12926 definitions of mental and physical
12        disability. These conditions are compulsive gambling,
     kleptomania, pyromania, or psychoactive substance use
13        disorders resulting from the current unlawful use of
     controlled substances or other drugs, and "sexual
14        behavior disorders," as defined at section 7293.6,
     subdivision (q), of this subchapter; or (B) conditions that
15        are mild, which do not limit a major life activity, as
     determined on a case-by-case basis. ***These excluded***
16        ***conditions have little or no residual effects, such*** as the
     common cold; seasonal or common influenza; minor
17        cuts, ***sprains, muscle aches, soreness, bruises, or***
     ***abrasions***; ***non-migraine headaches***, and minor and non-
18        chronic gastrointestinal disorders.

19   2 C.C.R. § 7293.6(d)(1) (emphasis added).

20        The courts have also confirmed that being "hurt" or having "pain" do not
21   alone constitute a disability.  *See, e.g., Arteaga., supra*, 163 Cal App 4th 327, 348.
22   Transient, non-permanent conditions or temporary, non-chronic impairments fall
23   short of the standard for establishing a "disability."  *See, e.g., Avila v. Continental*
24   *Airlines, Inc.*, 165 Cal.App.4th 1237, 1249 (2008); *Branscomb v. Group USA,*
25   *Inc.*, 475 F.App'x 134, 136-137 (9th Cir. 2012) (the fact that plaintiff had surgery

26   _____

27   [3]A concussion is often, even normally, a mild or temporary condition. If it was
more than that, Plaintiff has not alleged so, nor has she alleged that she was ever
28   treated for or diagnosed with a concussion that was anything more than mild or
temporary.

Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

on pituitary tumor did not substantiate plaintiff's disability claim); *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (psychological condition lasting four months and having no residual effects is not an actionable disability under the ADA); *Garcia v. Qwest Corp.*, 2008 U.S. Dist. LEXIS 101840, 32, (D. Ariz. 2008) (a two-or-three month impairment does not qualify as a disability); *Hodge v. Henry County Med. Ctr.*, 341 F.Supp.2d 968, 975 (W.D.Tenn. 2003) (temporary inability to work while recuperating from surgery does not constitute evidence of a disability); *Johnson v. Foulds, Inc.*, 1996 WL 41482 (N.D. Ill. 1996) (temporary mental depression does not meet the requirements of a disability); *Rakestraw v. Carpenter Co.*, 898 F.Supp. 386, 390 (N.D. Miss. 1995) (back injury completely resolved by surgery was not a disability); *Blanton v. Winston Printing Co.*, 868 F.Supp. 804, 808 (M.D. N.C. 1994) (knee injury which flared up for several months but afterward only impaired ability to run well was not a disability); *Peoples v. Langley/Empire Candle Co.*, 2012 U.S. Dist. LEXIS 6671, (D. Kan. Jan. 20, 2012) (hernia repair surgery not a disability); *Morgan v. Goodwill Indus. of Denver, Inc.*, 2013 U.S. Dist. LEXIS 178769, *12 (D. Colo. July 19, 2013) ("*Morgan*") (ACL surgery and rehabilitation does not establish a disability); *Koller v. Riley Riper Hollin & Colagreco*, 850 F.Supp.2d 502, 513 (E.D. Pa. 2012) (same); *Blackburn v. Trs. of Guilford Tech. Cmty. College*, 733 F.Supp.2d 659, 663 n. 3 (M.D. N.C. 2010); *Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n*, 60 F.Supp.2d 1145, 1151-52 (D. Kan. 1999) (back injury requiring surgery was not disability where no evidence that condition was expected to result in a permanent or long-term impairment); *Zurenda v. Cardiology Associates, P.C.*, 2012 U.S. Dist. LEXIS 68633 (N.D. N.Y. May 16, 2012) (finding that plaintiff's temporary disability due to knee surgery does not trigger protections under the ADA); *Sneed v. City of N.Y. Dep't of Parks & Rec.*, 2011 U.S. Dist. LEXIS 157810, 7-8 (S.D.N.Y. Sept. 30, 2011) (no discrimination

FIRM:38469121v1

Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

in ADA disability case where Plaintiff alleges unspecific neck pain, among other complaints, but does not allege that she is a qualified individual under the ADA.)

Here, Plaintiff's abrasion, bruises and non-migraine headaches are not "disabilities."   And Plaintiff's "pain" is not itself a "disability."   Adding the Latin terms for general neck or back "pain" does not change that.   Plaintiff has not alleged that any "pain" was related to any physical impairment that "limited a major life activity" such that it would itself constitute a "disability," such as bone, tissue, ligament or nerve damage.   She also has not asserted any factual allegations regarding how long her conditions persisted that would even arguably demonstrate that they were anything more than transient.   Had she done so, this analysis might be different.

As Plaintiff's allegations are not enough to establish that she had a "disability," and as it appears clear that she is unable to assert sufficient allegations, her FAC should be dismissed.

**C.** **Plaintiff Has Not Alleged Any Facts That Would Establish That Her Alleged "Disability" Limited Any "Major Life Activities."**

Even if Plaintiff had alleged that she suffered from a condition that could be a "disability," she has not alleged any facts to show that any such condition limited a major life activity.   Just weeks ago, the Hon. Christina A. Snyder granted a motion to dismiss disability discrimination claims in *Madrigal v. Senior Aerospace SSP*, Case No. 2:16-cv-01883 CAS (SSx) (C.D. Cal. August 18, 2016) for this very reason:

> These allegations are insufficient to state claims for disability discrimination.   Plaintiff has merely parroted the definition of a qualifying disability in conclusory fashion without providing any details regarding how she is disabled.   Most significantly, ***while plaintiff states that her disability makes the achievement of major life activities difficult, she fails to identify what those major life activities are.***   See also Cassista v. Community

<u>Foods, Inc.</u>, 5 Cal. th [*sic*] 1050, 1061 (1993) ("the touchstone of a qualifying handicap or disability is an actual or perceived physiological disorder which affects a major body system and limits the individual's ability to participate in one or more major life activities."). When a plaintiff claims that she is disabled, courts have generally required the plaintiff to plead that disability with some factual specificity. <u>See</u>, <u>e.g.</u>, <u>Olson v. Mono Cnty, Sup. Ct.</u>, 2041 WL 1671586, at *4 (E.D. Cal. Apr. 28, 2014) (dismissing FEHA disability discrimination claim with leave to amend and noting "[a]t the very least, plaintiff should plead facts describing the nature of her disability."); <u>Klamut v. California Highway Patrol</u>, 2015 WL 9024479, at *7 (N.D. Cal. Dec. 16, 2015) (noting under analogous claim for disability discrimination in violation of the Americans With Disabilities Act that "courts have generally required the plaintiff to plead the disability with some factual specificity"); <u>Bresaz v. Cnty. Of Santa Clara</u>, 2015 WL 1230316, at *6 (N.D. Cal. Mar. 17, 2015) (same).

(RJN, Ex. 1,) (emphasis added).

Similarly, in *Johnson v. JPMorgan Chase & Co.*, 922 F.Supp.2d 658, 669-671 (S.D. Ohio 2013), the district court found that a plaintiff cannot establish a disability by claiming to have neck and back pain without demonstrating the restrictions on any major life activities caused thereby. *See also Thompson v. Potter*, No. C2-04-291, 2006 U.S. Dist. LEXIS 13133, 2006 WL 783395 (S.D. Ohio Mar. 27, 2006) (plaintiff with a lumbar strain and disc degeneration did not demonstrate sufficient limitations to constitute disability); *Pinson v. Berkley Med. Res., Inc.*, 2005 U.S. Dist. LEXIS 13045, 29-32 (W.D. Pa. June 21, 2005) (no disability discrimination under the ADA where plaintiff's complaints of neck and back pain and strain did not substantially limit her ability to perform a major life activity); *Neumann v. Plastipak Packaging, Inc.*, 2011 U.S. Dist. LEXIS 126096 (N.D. Ohio Oct. 31, 2011) (no disability discrimination due to back injury causing

- 14 -

allegedly severe pain because it did not substantially limit a major life activity); *Broderick v. Research Found. of State Univ. of N.Y.*, 2010 U.S. Dist. LEXIS 82031 (E.D.N.Y. Aug. 11, 2010) (court granted motion to dismiss disability discrimination claim under the ADA where plaintiff claiming lower back and hip injury failed to explain what major life activity was substantially limited; *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 937 (6th Cir. May 12, 2000) (no disability discrimination under the ADA where plaintiff alleged knee contusions and back strain which were temporary in nature and where plaintiff was unable to show major life activity was substantially limited); *Heyne v. HGI-Lakeside, Inc.*, 589 F.Supp.2d 1119, 1123-1125 (S.D. Iowa 2008) (allegation of chronic back pain insufficient where no major life activity was substantially limited as a result thereof); and *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 147-154 (4th Cir. W. Va. 2012) (no disability discrimination as a result of severe pain in neck and back because Plaintiff's alleged major life activity was not substantially impaired.)

In *Rodriguez v. John Muir Med. Ctr.*, 2010 U.S. Dist. LEXIS 25589, 5-6 (N.D. Cal. Mar. 18, 2010), the plaintiff alleged that she had a disability involving her back that required reasonable accommodation and asserted that it "impacted major life activities such as lifting." The *Rodriguez* Court acknowledged that lifting is a major life activity, but found that the plaintiff had not sufficiently pleaded a disability. More specifically, the *Rodriguez* Court held that the plaintiff there had failed to plead facts:

> [T]hat suggest that she is substantially impaired by her purported disability. Her allegations do not illuminate the nature, severity, duration and impact of her disability. Plaintiff asserts that Defendant required her to perform tasks that violated her medical restrictions, but she does not plead the nature of these limitations.

2010 U.S. Dist. LEXIS 25589, *6.

Here, Plaintiff has not asserted any facts to establish that she had any impairment that would qualify as a "disability." She has not advanced any factual allegations that would show she was limited in any "major life activity." As such, her FAC must be dismissed.

### D. Plaintiff Has Not Alleged That Defendant Was Aware Of Any Of Her Newly Pled Conditions.

Even if any of Plaintiff's alleged injuries rose to the level of a "disability" – and they do not – her claims still must be dismissed. Simply, she has not alleged that Defendant was aware of any of her alleged conditions.

Under FEHA, an employer must provide a reasonable accommodation for an applicant or employee with a ***known mental or physical disability*** unless the accommodation would cause undue hardship. Cal. Govt. § 12940(m). As the Court explained in *Avila v. Continental Airlines, Inc.* 165 Cal.App.4th 1237, 1247 (2008), the duty does not arise until the employer is ***aware*** of the employee's disability. Simply put, to be liable for disability discrimination, an employer must ***know*** of the disability. *Scotch v. Art Institute of California,* 173 Cal.App.4th 986, 1008 (2009). "An employee has a duty to inform the employer that he has a disability." *Raine v. City of Burbank* 135 Cal.App.4th 1215, 1222 (2006).

Here, Plaintiff has not alleged in her FAC that she ever informed Defendant of any of the conditions she alleges to be a "disability" – her abrasion, bruises, non-migraine headaches, and neck and back "pain" – or that Defendant was aware of them. Without those critical factual allegations, her disability discrimination claims cannot proceed.

## IV. CONCLUSION

For the foregoing reasons, Defendant prays that Plaintiff's FAC be dismissed with prejudice.

1    DATED:  August 25, 2016                    EPSTEIN BECKER & GREEN, P.C.

2                                          By:
3                                               Michael S. Kun
4                                               Ted A. Gehring
                                               Attorneys for Defendant
5                                               MAXIMUS Human Services. Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -
Defendant's Motion To Dismiss First Amended Complaint
Case No. 8:16-cv-1254 JVS (DFMx)

# EXHIBIT A

Anthony Ruggieri (SBN 195202)
aruggieri@advantagelawgroup.com
Marc G. Kroop (SBN 168600)
mkroop@advantagelawgroup.com
John R. Goffar (SBN 184988)
jgoffar@advantagelawgroup.com
Patrick J.S. Nellies (SBN 171254)
pnellies@advantagelawgroup.com
ADVANTAGE LAW GROUP, APC
5820 Oberlin Drive, Suite 110
San Diego, California 92121
Telephone: (858) 622-9002
Facsimile: (858) 622-9540

Attorneys for Plaintiff, KENNIE GOODE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| KENNIE GOODE, | CASE NO.: 8:16-cv-01254 JVS (DFMx) |
|---|---|
| Plaintiff(s), | **FIRST AMENDED COMPLAINT** |
| v. | |
| MAXIMUS HUMAN SERVICES, INC., a Virginia Corporation doing business in California; and DOES 1 through 50 inclusive, | |
| Defendant(s). | |

1. Defendant MAXIMUS HUMAN SERVICES, INC. (hereinafter "MAXIMUS") is Virginia corporation doing business in the State of California and in the County of Orange. The unlawful employment practices complained of herein occurred in Orange County.

2. Defendants DOES 1-50, inclusive, at all relevant times mentioned herein were either business entities of unknown form doing business in the State of California and in the County of Orange, and were affiliates, parents, subsidiaries, joint venturers, partners, members, fictitious business names, or were otherwise affiliated with defendant MAXIMUS, or alternatively were individuals residing in the

County of Orange, State of California, and were employees, supervisors, officers, directors, owners, and/or managing agents of defendant MAXIMUS.  Plaintiff is unaware of the true names of these defendants and therefore sues them by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that plaintiff's injuries and damages as alleged herein were caused by the aforementioned defendants.

3.      Plaintiff is informed and believes and based thereon alleges that each of the Defendants named herein was, at all times relevant to this action, the agent, employee, representative, partner, managing member, or joint venturer of the remaining Defendants and was acting in the course and scope of that relationship.  Plaintiff is further informed and believes, and based thereon alleges, that each of the Defendants named herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

4.      Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein there existed a unity and identity of interest and ownership between all defendants, such that any individuality and separateness between them have ceased.  Each of the defendants is the alter ego of the other in that, *inter alia,* each is or was composed of the same or practically the same principals, the assets of the entities have been transferred and combined between the entities, and they carry on the same business.

5.      Plaintiff is also informed and believes and based thereon alleges that adherence to the fiction of the separate existence of the defendants as distinct from one another would permit an abuse of the corporate privilege and would promote injustice in that it would permit these entities to evade their legal obligations.

6.      The amount in controversy herein, exclusive of interest, attorneys' fees and costs, exceeds the jurisdictional minimums of this Court.

-2-

**FIRST AMENDED COMPLAINT**

7.     Plaintiff KENNIE GOODE (hereinafter "GOODE" or "Plaintiff") is an adult person and was employed within the county of ORANGE at the time the illegal acts transpired.

8.     GOODE was hired by Maximus on November 8, 2013 and was employed as a Case Manager at all times.

9.     On July 28, 2014, GOODE was involved in a serious car accident. The accident resulted in significant physical injuries to GOODE, including injuries to her back and neck and a concussion.

10.    On July 29, 2014, GOODE's husband, Mr. James Goode, spoke with Mr. Monty Starks, Case Manager, who is GOODE's direct supervisor. Mr. Goode explained the situation to Mr. Starks, including the fact that GOODE would be required to take a leave of absence per her physician's instructions. Mr. Starks provided Mr. Goode with contact information for Ms. Shelia Holley, Human Resources Specialist, telling Mr. Goode to communicate with Ms. Holley regarding GOODE's status.

11.    On August 5, 2014, GOODE consulted with Dr. Khyber Zaffarkhan, a physician with Fullerton Orthopaedic who, after examining GOODE, noted that she had a deep abrasion of right forearm, multiple bruises on bilateral lower extremity, and palpation of her greater optical nerve, causing her painful headaches. Dr. Zaffarkhan further diagnosed GOODE as suffering from cervicalgia, characterized by significant neck pain, and lumbago, characterized by lower pain back. Dr. Zaffarkhan provided her with a note indicating that she would be able to return to work on September 8, 2014.

12.    Later that same day, GOODE spoke with Ms. Holley in order to notify her that she had been placed on a leave of absence until September 8, 2014. Ms. Holley stated that the physician's note should be sent via facsimile to Care Works

/ / /

/ / /

-3-
**FIRST AMENDED COMPLAINT**

Exhibit A, Page 21

1 U.S.A. (Care Works), a third party company which manages disability leave of

2 absence claims for Maximus.  Ms. Holley also recommended that GOODE apply for

3 leave under the Family and Medical Leave Act (FMLA).

4   13. GOODE then spoke with Ms. Nikki Scott, an Absence Management

5 Specialist with Care Works.  GOODE explained the circumstances surrounding her

6 medical condition and also told Ms. Scott she would be sending her physician's note

7 to Ms. Scott later that day by facsimile. GOODE also made a request for leave under

8 the FMLA and Ms. Scott stated that she would be sending GOODE a letter to let her

9 know if her request for leave was approved or denied.

10   14. On August 8, 2014, GOODE received a letter from Care Works U.S.A.

11 stating that her request for leave under the FMLA was denied because she had not

12 been employed with Maximus for twelve months at the time she was injured.  The

13 letter did state, however, that GOODE may be eligible for a discretionary leave of

14 absence from Maximus.

15   15. On September 2, 2014, GOODE met again with Dr. Zaffarkhan.  After

16 evaluating GOODE, she was provided with a second note which indicated she would

17 be released to work on October 3, 2014.  Later that same day, GOODE spoke to Ms.

18 Holley in order to provide an update regarding her condition.   During this

19 conversation, GOODE stated that she was now scheduled to return to work on

20 October 3, 2014.  Ms. Holley then told GOODE to send the revised physician's note

21 to Care Works, which she did the following day.

22   16. On September 9, 2014, GOODE received a letter from Care Works

23 informing her that her request for discretionary medical leave was approved by

24 Maximus from July 29, 2014 through September 8, 2014.  She was also sent a release

25 to return to work form which her physician would be required to complete before she

26 would be permitted to return to work.

27 / / /

28 / / /

-4-

**FIRST AMENDED COMPLAINT**

Exhibit A, Page 22

17.     On September 19, 2014, GOODE contacted Ms. Holley in order to ask for information being requested by her insurance carrier.  Ms. Holley inquired about GOODE's condition and she responded that she was still being treated by her physician and indicated she would be returning to work on October 3, 2014.  In response, Ms. Holley stated, "Okay, we will see you then."

18.     On September 22, 2014, GOODE received an email from Maximus notifying her that her employment with the company was being terminated.  The termination letter attached to the email stated that she was being terminated due to the exhaustion of her six week discretionary leave of absence.  The letter also indicated Maximus was notified that GOODE would be unable to return to work until October 3, 2014.

19.     Based upon information and belief, GOODE was terminated by MAXIMUS as a result of her disability, including MAXIMUS's failure to accommodate GOODE's disability.

20.     GOODE filed a timely Charge of Discrimination with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received her "Right to Sue Letter."  Thus, she has exhausted her administrative remedy.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Disability Discrimination in Violation of the FEHA)**

21.     Plaintiff incorporates and re-alleges each and every preceding paragraph of this complaint as if set forth fully herein.

22.     As described above, plaintiff is in a protected group on the basis of her physical disability.  Specifically, Plaintiff suffers from a physiological condition affecting one of her body systems which limits Plaintiff's major life activity of working.  Despite plaintiff's qualifications and record of competent performance, plaintiff was discriminated against in the terms and conditions of her employment on the basis of her disability, culminating in defendants illegal termination of plaintiff's employment.

23.    Defendants discriminatory actions against plaintiff, including MAXIMUS's failure to accommodate GOODE's disability, constitutes unlawful discrimination in employment on the basis of disability, in violation of the FEHA.

24.    As a result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has suffered loss of wages, salary, benefits and additional amounts of money plaintiff would have received if plaintiff had not been discriminated against in the terms and conditions of plaintiff's employment. As a result of such discrimination and consequential harm, plaintiff has suffered damages in an amount according to proof at trial.

25.    As a further result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related benefits and opportunities as promotion, job satisfaction, job security, and other job-related benefits in an amount to be proven at trial.

26.    As a further result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body. As a result of such emotional harm, plaintiff has suffered such damages in an amount according to proof at trial.

27.    The above-recited actions of defendants, and each of them, were done with malice, fraud, and oppression, and in reckless disregard of plaintiffs' rights under the FEHA. Specifically, the discriminatory and malicious acts to undermine plaintiff's employment was carried by managing agents/policy maker's of defendant. As a result of such malicious, fraudulent, and oppressive actions on the part of defendants, and each of them, plaintiff is entitled to an award of punitive damages in an amount sufficient to punish defendants, and each of them, and set an example to those similarly situated to defendants, and each of them. Said punitive damages should be awarded in an amount according to proof at trial.

-6-
**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Failure to Engage in the Interactive Process in Violation of the FEHA)

28.     Plaintiff incorporates and re-alleges each and every preceding paragraph of this Complaint as if set forth fully herein.

29.     As described above, plaintiff is in a protected group on the basis of her disability.

30.     Defendants failed to engage plaintiff in the interactive process in order to determine if the company could accommodate GOODE's need for a further leave of absence and/or determine when GOODE could reasonably be expected to return to her position with MAXIMUS.  Defendants' failure to engage plaintiff in the interactive process violates the express provisions of *California Government Code* § 12940 (m).

31.     As a result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has suffered loss of wages, salary, benefits and additional amounts of money plaintiff would have received if plaintiff had not been discriminated against in the terms and conditions of plaintiff's employment.  As a result of such discrimination and consequential harm, plaintiff has suffered damages in an amount according to proof at trial.

32.     As a further result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related benefits and opportunities as promotion, job satisfaction, job security, and other job-related benefits in an amount to be proven at trial.

33.     As a further result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body.  As a result of such emotional harm, plaintiff has suffered such damages in an amount according to proof at trial.

34.    The above-recited actions of defendants, and each of them, were done with malice, fraud, and oppression, and in reckless disregard of plaintiffs' rights under the FEHA.  Specifically, the discriminatory and malicious acts to undermine plaintiff's employment was carried by managing agents/policy maker's of defendant. As a result of such malicious, fraudulent, and oppressive actions on the part of defendants, and each of them, plaintiff is entitled to an award of punitive damages in an amount sufficient to punish defendants, and each of them, and set an example to those similarly situated to defendants, and each of them.  Said punitive damages should be awarded in an amount according to proof at trial.

## PRAYER

**WHEREFORE**, Plaintiff KENNIE GOODE prays for judgment as follows:

1.    For general damages, in an amount to be proven at trial;

2.    For special damages, in an amount to be proven at trial;

3.    For punitive damages in an amount appropriate to punish defendants for their wrongful conduct and to set an example for others pursuant to California Civil Code § 3294(b);

4.    For prejudgment interest on the sum of damages awarded;

5.    For reasonable attorney's fees pursuant to California Government Code § 12965(b);

6.    For costs of suit herein incurred; and

7.    For such other and further relief as the court may deem just and proper.

Dated: August 8, 2016            ADVANTAGE LAW GROUP, A.P.C.

                    By:    /s/Anthony Ruggieri
                              Anthony Ruggieri,
                              Attorneys for Plaintiff,
                              KENNIE GOODE

**FIRST AMENDED COMPLAINT**