Michael S. Kun  (State Bar No. 208684)
Ted A. Gehring  (State Bar No.  218715)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:  310.556.8861
Facsimile:   310.553.2165
mkun@ebglaw.com
tgehring@ebglaw.com

Attorneys for Defendant
MAXIMUS HUMAN SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNIE GOODE, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MAXIMUS HUMAN SERVICES, INC., a Virginia Corporation doing business in California; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.: 8:16-CV-01254-JVS (DFMx)<br><br>**DEFENDANT MAXIMUS HUMAN SERVICES, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant MAXIMUS Human Services, Inc. ("Defendant"), by its undersigned counsel, hereby responds to Plaintiff's Second Amended Complaint ("SAC"). Any allegation in the SAC not specifically admitted herein is denied.

## RESPONSES TO ALLEGATIONS

1. Answering Paragraph 1 of the SAC, Defendant admits that it is a Virginia corporation doing business in the State of California and in the County of Orange.  Defendant denies the remaining allegations in Paragraph 1 of the SAC.

2. Paragraph 2 of the SAC contains legal conclusions to which no admission or denial is required. To the extent such conclusions give rise to any inference that Defendant engaged in unlawful conduct or that Plaintiff is entitled

1  to any relief, Defendant denies such allegations.

2      3.    Paragraph 3 of the SAC contains legal conclusions to which no admission or denial is required. To the extent such conclusions give rise to any inference that Defendant engaged in unlawful conduct or that Plaintiff is entitled to any relief from Defendant, Defendant denies such allegations.

    4.    Paragraph 4 of the SAC contains legal conclusions to which no admission or denial is required. To the extent such conclusions give rise to any inference that Defendant engaged in unlawful conduct or that Plaintiff is entitled to any relief from Defendant, Defendant denies such allegations.

    5.    Paragraph 5 of the SAC contains legal conclusions to which no admission or denial is required. To the extent such conclusions give rise to any inference that Defendant engaged in unlawful conduct or that Plaintiff is entitled to any relief from Defendant, Defendant denies such allegations.

    6.    Answering Paragraph 6 of the SAC, Defendant admits that the amount in controversy exceeds the jurisdictional minimums of this Court. However, to the extent that Plaintiff's allegations give rise to any inference that Defendant engaged in any unlawful conduct or that Plaintiff is entitled to any relief from Defendant, Defendant denies such allegations.

    7.    Answering Paragraph 7 of the SAC, Defendant admits that Plaintiff is an adult person and was employed in Orange County. Defendant denies the remaining allegations in Paragraph 7 of the SAC.

    8.    Defendant admits the allegations in Paragraph 8 of the SAC.

    9.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the SAC and, therefore, denies such allegations on that basis.

    10.    Answering the allegations in Paragraph 10 of the SAC, Defendant admits that an individual contacted Monty Starks on or about July 29, 2014. Defendant admits that the individual informed Mr. Starks that Plaintiff would need

1  a leave of absence. Defendant admits that Mr. Starks provided contact information
2  for Sheila Holley, Human Resources Specialist, and instructed the individual to
3  communicate with Ms. Holley regarding Plaintiff's status. Defendant denies the
4  remaining allegations in Paragraph 10 of the SAC.

5      11.    Defendant is without information or knowledge sufficient to form a
6  belief as to the truth of the allegations in Paragraph 11 of the SAC and, therefore,
7  denies such allegations on that basis.

8      12.    Answering Paragraph 12 of the SAC, Defendant admits that Plaintiff
9  spoke with Ms. Holley on or about August 5, 2014 and informed her that she had
10 been placed on a leave of absence.  Defendant is without information or
11 knowledge sufficient to form a belief about the truth of the remaining allegations
12 of Paragraph 12 of the SAC and, therefore, denies such allegations on that basis.

13     13.    Defendant is without information or knowledge sufficient to form a
14 belief as to the truth of the allegations in Paragraph 13 of the SAC and, therefore,
15 denies such allegations on that basis.

16     14.    Defendant is without information or knowledge sufficient to form a
17 belief as to the truth of the allegations in Paragraph 14 of the SAC and, therefore,
18 denies such allegations on that basis.

19     15.    Defendant is without information or knowledge sufficient to form a
20 belief as to the truth of the allegations in Paragraph 15 of the SAC and, therefore,
21 denies such allegations on that basis.

22     16.    Defendant is without information or knowledge sufficient to form a
23 belief as to the truth of the allegations in Paragraph 16 of the SAC and, therefore,
24 denies such allegations on that basis.

25     17.    Answering Paragraph 17 of the SAC, Defendant admits that Plaintiff
26 spoke to Ms. Holley on or about September 2, 2014 and informed Ms. Holley that
27 she was scheduled to return to work on October 3, 2014.  Defendant is without
28 information or knowledge sufficient to form a belief as to the truth of the

1  remaining allegations in Paragraph 17 of the SAC and, therefore, denies such
2  allegations on that basis.

3  18. Defendant is without information or knowledge sufficient to form a
4  belief as to the truth of the allegations in Paragraph 18 of the SAC and, therefore,
5  denies such allegations on that basis.

6  19. Defendant is without information or knowledge sufficient to form a
7  belief about the truth of the allegations in Paragraph 19 of the SAC and, therefore,
8  denies such allegations on that basis.

9  20. Defendant is without information or knowledge sufficient to form a
10 belief about the truth of the allegations in Paragraph 20 of the SAC and, therefore,
11 denies such allegations on that basis.

12 21. Answering Paragraph 21 of the SAC, Defendant admits that it sent
13 Plaintiff a letter dated September 19, 2014 informing her that her employment was
14 terminated effective that day because she had exhausted her six-week
15 discretionary leave of absence. Defendant admits that the September 19, 2014
16 letter stated that Plaintiff had notified the company that she was unable to return to
17 work until October 3, 2014.

18 22. Defendant denies the allegations in Paragraph 22 of the SAC.

19 23. Answering Paragraph 23 of the SAC, Defendant admits that Plaintiff
20 filed a charge of discrimination with the California Department of Fair Housing
21 and Employment ("DFEH") and that she received a "right to sue" letter.
22 Defendant denies the remaining allegations in Paragraph 23 of the SAC.

23 24. Defendant realleges and incorporates by reference its responses to
24 Paragraphs 1 through 24 above as if fully set forth herein.

25 25. Defendant denies the allegations in Paragraph 25 of the SAC.
26 26. Defendant denies the allegations in Paragraph 26 of the SAC.
27 27. Defendant denies the allegations in Paragraph 27 of the SAC.
28 28. Defendant denies the allegations in Paragraph 28 of the SAC.

29. Defendant denies the allegations in Paragraph 29 of the SAC.

30. Defendant denies the allegations in Paragraph 30 of the SAC.

31. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 30 above as if fully set forth herein.

32. Defendant denies the allegations in Paragraph 32 of the SAC.

33. Defendant denies the allegations in Paragraph 33 of the SAC.

34. Defendant denies the allegations in Paragraph 34 of the SAC.

35. Defendant denies the allegations in Paragraph 35 of the SAC.

36. Defendant denies the allegations in Paragraph 36 of the SAC.

37. Defendant denies the allegations in Paragraph 37 of the SAC.

38. The remainder of the SAC is a prayer for relief that requires neither an admission nor a denial. To the extent that the prayer for relief gives rise to any inference that Defendant engaged in any unlawful conduct or that Plaintiff is entitled to any relief from Defendant, Defendant denies such inference.

## AFFIRMATIVE DEFENSES

Defendant submits the following affirmative defenses to the SAC, and each and every cause of action, claim or common count alleged therein, without assuming or undertaking any burden, or burdens of proof, not otherwise assigned to it by law:

## FIRST AFFIRMATIVE DEFENSE

1. The SAC fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has failed to act reasonably to mitigate any damages that she has alleged in this action.

## THIRD AFFIRMATIVE DEFENSE

3. As to each and every cause of action set forth in Plaintiff's SAC, Defendant is informed and believes, and based thereon alleges, that the damages

prayed for are speculative and unforeseeable; therefore, Plaintiff is barred from recovery.

### FOURTH AFFIRMATIVE DEFENSE

4. The SAC fails to state facts sufficient to recover punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred because she did not have a disability, as that term is defined under applicable law.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is estopped by her own conduct from asserting any and all claims she may have against Defendant arising from the transactions and occurrences set forth in the SAC.

### SEVENTH AFFIRMATIVE DEFENSE

7. The discriminatory conduct alleged by Plaintiff was not intentional.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant alleges upon information and belief that any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

10. The Complaint is barred, in whole or in part, because Plaintiff was not an otherwise qualified individual with a disability.

### ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent Plaintiff claims that Plaintiff was in need of and/or entitled to a reasonable accommodation, which Defendant denies, such claims are barred because Plaintiff was unable to perform her essential job functions.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The SAC is barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. An award of punitive damages is unconstitutional as it violates the due process clauses of the California and the United States Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendant's conduct with regard to Plaintiff was privileged, justified and in good faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure section 335.1 and California Government Code sections 12940, 12960 and 12965.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred by the doctrine of laches.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant consistent with the common law doctrine of offset and the doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff, at all relevant times, gave her consent, express or implied, to the alleged acts, omissions and conduct of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The SAC is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendant has presently or may acquire during the course of this litigation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act and California Labor Code sections 3200-4627.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's SAC, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable and good faith belief in the facts as known and understood at the time and are therefore immune from any liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As to each and every cause of action set forth in Plaintiff's SAC, Defendant is informed and believes, and based thereon alleges, that Plaintiff acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation, and had full actual and constructive knowledge of such facts and circumstances. Under the assumption of risk doctrine, Plaintiff is barred from proceeding with this SAC and barred from asserting or being awarded damages in any sum whatsoever.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by the doctrine of avoidable consequences.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Government Code section 12965 upon judgment thereon in its favor.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Any recovery on Plaintiff's SAC, or any cause of action alleged therein, is barred in that Plaintiff's alleged disability was not a motivating factor in any actions or employment decisions made concerning Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Any recovery on Plaintiff's SAC, or any cause of action alleged therein, is barred because, assuming, *arguendo,* that discriminatory reasons had been a motivating factor in any employment decisions concerning Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory, business reasons.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Any recovery on Plaintiff's SAC, or any purported cause of action alleged therein, is barred in whole or in part because Defendant maintained policies prohibiting unlawful conduct and promoting a work environment free from discrimination.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Although Defendant denies that it committed or have responsibility for any act that could support the recovery of damages in this lawsuit, if any, to the extent Plaintiff was discriminated against, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to utilize Defendant's preventative and corrective measures and reasonable use of Defendant's preventative and corrective measures would

1 have prevented at least some of the harm Plaintiff allegedly suffered. *Department of Health Services v. Superior Court (McGinnis)* (2000) 31 Cal.4th 1026.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's injuries or damages, if any, were not caused by the acts of Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Any and all conduct of which Plaintiff complains and which is attributed to Defendant was a just and proper exercise of management's discretion on the part of Defendant, in furtherance of business necessity and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's SAC.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's SAC fails to set forth any facts which would entitle Plaintiff to an award of attorneys' fees on any cause of action contained therein.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Defendant may have other separate and/or additional defenses of which it is not presently aware and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

WHEREFORE, Defendant prays that:

1. That Plaintiff take nothing from her SAC;
2. That the SAC be dismissed in its entirety with prejudice;
3. That judgment be entered in favor of Defendant on all claims;
4. That Defendant be awarded all costs of suit it incurred, including all attorneys' fees incurred in this action; and

///
///
///

5. That Defendant be awarded all other and further relief as the Court deems just and equitable.

DATED: December 30, 2016            EPSTEIN BECKER & GREEN, P.C.

By: /s/ Michael S. Kun
    Michael S. Kun
    Ted A. Gehring
    Attorneys for Defendant
    MAXIMUS HUMAN SERVICES, INC.